IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TERRENCE POUNCEY,                    *

      Plaintiff,                         *

         v.                              *         1:11-CV-541-TMH
                                                   (WO)
CITY OF DOTHAN, *et al.*,             *

      Defendants.                        *

_____


**O R D E R**

This 42 U.S.C. § 1983 complaint is filed by Plaintiff, an inmate incarcerated in the Dothan City Jail, and it is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that although Plaintiff lists seven defendants to this cause of action, the complaint consists merely of general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights. Moreover, the complaint contains claims which are not related to each other and which have occurred at different times over a three year period.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it

appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P.,  and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is ORDERED that on or before **July 26, 2011**  Plaintiff shall:

1.  File an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint.  *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  ***The amended complaint filed in compliance with this order shall  supersede the original complaint.***  This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.   That being said, the claims in the complaint form should be less numerous than those contained in the original complaint due to the following pleading requirements.  ***It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue***.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action;

2.  File an amended  complaint that  contains one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

3.  Identify each individual that he seeks to name as a defendant, and provide facts to show that individual's participation or involvement in his claim with clarity and conciseness.

That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew.  If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

4.  File an amended complaint in compliance with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file a  complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead  a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed  under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

Done, this 12th day of July 2011.

 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE