IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRENCE POUNCEY | * | |
| Plaintiff, | * | |
| v. | * | 1:11-CV-541-TMH |
| | | (WO) |
| CITY OF DOTHAN, *et al*., | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Dothan City Jail located in Dothan, Alabama. He brings this 42 U.S.C. § 1983 action against the City of Dothan and Officer Phares. In filing the instant complaint, Plaintiff challenges matters associated with his arrest and detention on June 24, 2010 for a drug offense. Plaintiff requests damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. DISCUSSION

*A. City of Dothan*

Although the Supreme Court has held that counties (and other local government

_____

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Dothan liable.  *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986).  "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable."  *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).  A city does not incur § 1983 liability for injuries caused solely by its employees.  *Monell,* 436 U.S. at 694.  Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation.  *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Dothan may be held liable.  Consequently, there's no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed.  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. Plaintiff's Confinement*

To the extent Plaintiff seeks to challenge his past detention and/or conviction on a drug offense stemming from his June 24, 2010 arrest, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy.  Where a prisoner seeks to challenge the fact or duration of his physical imprisonment and/or the fact of a state court criminal conviction and/or

sentence, the inmate's federal remedy is by way of a writ of habeas corpus.  *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  The proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983.  *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.  A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.  *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000).  Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition.  To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. 486-87.  However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a

future sentence.  *Maleng v. Cook*, 400 U.S. 488, 492 (1989); *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 403-04 (2001) ("If [a prior] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").  Thus, for purposes of filing a habeas corpus petition, an inmate is not considered "in custody" where, while serving an unrelated sentence, he challenges an earlier conviction for which he has served out his full sentence and has been unconditionally released from custody.  *See Maleng*, *supra*.

In light of the foregoing, the court concludes that Plaintiff's claims, which seek to challenge the legality of matters associated with his detention and/or conviction arising from his June 24, 2010 arrest, are due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The § 1983 claims presented against Defendant City of Dothan be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.    Plaintiff's challenge to the constitutionality of matters associated with his detention and/or conviction stemming from his June 24, 2010 arrest be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim(s) is not properly before the court; and

3. With respect to the remaining defendant, this case be referred back to the undersigned for further appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **August 5, 2011**. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, this 22nd day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE