IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRENCE POUNCEY, | * | |
| Plaintiff, | * | |
| v. | * | 1:11-CV-541-TMH (WO) |
| CITY OF DOTHAN, *et al*., | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Before the court is Plaintiff's motion to amend complaint wherein he seeks to assert claims against the City of Dothan with regard to matters associated with his conviction for domestic violence. Plaintiff's motion is due to be denied.

In *Heck v. Humphrey,* 512 U.S. 477 (1994*)*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. at 483-489. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended the reasoning of *Heck* by holding that a prisoner's "claim for [either] declaratory relief" or monetary damages based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned.

*Id*. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff has not shown that challenged conviction has been invalidated in an appropriate civil action.  Consequently, the instant collateral attack on the adverse actions taken against him is prohibited by *Heck* and *Balisok*.   Thus, any claims relating to the challenged conviction and attendant sentence are not properly before the court at this time because habeas corpus is the exclusive remedy in which to present such claims. *Balisok,* 520 U.S. at 646; *Heck,* 512 U.S. at 483-89; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, it is ORDERED that the motion to amend (*Doc. No. 9*) be and is hereby DENIED.

Done, this 28th day of July 2011.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE