IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE POUNCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-541-TMH |
| | ) | [WO] |
| OFFICER PHARES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Dothan City Jail in Dothan, Alabama, brings this *pro se* 42 U.S.C. § 1983 action against Officer William Phares of the Dothan Police Department. He alleges that on June 6, 2010, Defendant Phares subjected him to excessive force during an arrest. Plaintiff further claims Defendant Phares lacked probable cause to arrest him. For relief, Plaintiff seeks $10 million in damages for pain and suffering. *Court Doc. No. 5*.

Defendant filed a special report, answer, and supporting evidentiary materials addressing Plaintiff's claims for relief. Thus, this case is now pending on Defendant's motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's responses the court concludes that Defendant's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendant has met his evidentiary burden and demonstrated the absence of any

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

genuine dispute of material fact with respect to the claims properly before this court. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable .

. . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50.

A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

On June 6, 2010, Plaintiff was a passenger in an automobile stopped by City of Dothan Police Officers William Phares and Jonathan Godwin.  According to the complaint, Plaintiff exited the vehicle and "assumed the position." Plaintiff states that Officer Phares then body slammed him on the concrete.  He heard another police officer say "that looks like marijuana" but the police report indicated the officers found marijuana in the glove compartment of the vehicle and, therefore, could not have simply walked up to the car and seen it in plain view.  Plaintiff further alleges that the officers said he had a pipe in his pocket but claims this is also untrue because as soon as he got out of the car he threw it (the pipe) as far as he could.  *Court Doc. No. 5* at 2, 3, 5.

At the time of the actions about which Plaintiff complains, Defendant Phares was a police officer with the City of Dothan Police Department.  At approximately 1:50 a.m. on June 6, 2010, Defendant Phares and Officer Godwin were sitting in their patrol car in an area of Dothan, Alabama, known for a high rate of drug and prostitution activity. They saw a red Lincoln stop behind a gas station and observed a black female exit the car and walk across a street to an apartment building. The police officers observed the female speak with a Hispanic male standing outside the apartment building and the two individuals appeared to make an exchange.  During this time, Plaintiff had exited the car, walked approximately a block and a half away from the car, and then returned.  Once both Plaintiff and the female were back in the car they drove off.  The female driver proceeded to make a left turn without

using a turn signal in violation of Ala. Code § 32-5A-13 (1975).  Defendant Phares pulled behind the vehicle and activated his emergency lights.  The red Lincoln came to a stop and Officer Godwin told the female, who was attempting to exit the vehicle, to remain inside the car.  *Court Doc. No. 18, Exhs. 1, 2, 3.*

   Defendant Phares approached the passenger side of the vehicle and noticed a pronounced smell of alcohol emanating from the car.  He then directed Plaintiff to exit the vehicle. Due to the female having previously vocalized a fear of Plaintiff, Officer Phares conducted an external pat-down of his clothes. The officer found a crack pipe in Plaintiff's right front pant's pocket.  The pipe was placed on the top of the patrol car and Defendant Phares informed Plaintiff that he was under arrest. As Defendant Phares attempted to handcuff Plaintiff, he pulled away from the officer, grabbed the crack pipe, and threw it. Officer Godwin came to Defendant Phares's aid in placing Plaintiff under arrest who was resisting the officers' efforts in this regard.  As Officers Phares and Godwin pulled Plaintiff away from the car the three fell on the sidewalk.  The officers managed to place Plaintiff under control at this time, handcuffed him, and finished patting him down for weapons. They then noticed a small laceration over Plaintiff's left eye. Paramedics were called to the scene.  *Court Doc. No. 18, Exhs. 1, 2, 3.*

   Defendant Phares and Officer Stacy Robinson subsequently located the crack pipe Plaintiff had thrown across the  street.  While paramedics treated Plaintiff for his injury, Defendant Phares along with Officers Godwin and Robinson searched the red Lincoln after

obtaining the driver's permission to do so. In the passenger armrest of the vehicle where Plaintiff had been sitting as well as in the ashtray of the car Defendant Phares found what appeared, in his law enforcement experience, to be marijuana. The substance was turned over to an evidence technician for forwarding to the Alabama Department of Forensic Sciences for testing. *Court Doc. No. 18, Exhs. 1, 2, 3, 7*.

Plaintiff received treatment at a local hospital for the cut over his eye. Following his release by hospital personnel, law enforcement officials transported Plaintiff to the Dothan City Jail where he was charged with possession of drug paraphernalia, possession of marijuana, and resisting arrest. Plaintiff pled guilty to these charges on June 24, 2010. *Court Doc. No. 18, Exhs. 1-8*.

Defendant Phares has submitted the dash-cam video which began recording at the time the officers pulled over the subject vehicle. Plaintiff's booking photographs taken at the city jail after his arrest on June 6, 2010, are also part of the evidence submitted by Defendant Phares in support of his dispositive motion. *Court Doc. No. 40, Exh. 1, DVD*.

    *i. Qualified Immunity*

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense

against liability but rather immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). There is no dispute that Defendant Phares was acting within the course and scope of his discretionary authority when the incident complained of occurred. Plaintiff must, therefore, allege facts that, when read in a light most favorable to him, show that Defendant Phares is not entitled to qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003).

In order to satisfy his burden, Plaintiff must show two things: (1) that Defendant Phares committed a constitutional violation and (2) that the constitutional right Defendant Phares violated was "clearly established." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). Courts now have discretion to determine the order in which the two prongs of Plaintiff's burden of proof are analyzed. *Pearson*, 555 U.S. at 236 (courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case hand"). The court, therefore, analyzes whether Defendant Phares violated Plaintiff's constitutional rights.

*ii. Excessive Force*

Plaintiff complains that Defendant Phares subjected him to excessive force during the June 6, 2010, arrest by slamming him to the concrete. (*Doc. No. 1*.) Defendant Phares

denies that any of his actions amounted to an excessive use of force under the circumstances and asserts the defense of qualified immunity. (*See Doc. No. 18, Exh. 1*.)

Plaintiff's allegation of excessive force during the course of an arrest is analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386 (1989); *Crenshaw v. Lister*, 556 F.3d 1283, 1290 (11th Cir. 2009); *Vinyard*, 311 F.3d at 1346-47; *Lee*, 284 F.3d at 1197. A right is clearly established - and an officer cannot receive qualified immunity - if the "objectively reasonable police officer" would have realized that the conduct violated the constitution. *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006).

In balancing the necessity for the use of force against an arrestee's constitutional rights, the determination of whether excessive force was used during an arrest "requires careful attention to the facts and circumstances of each particular case," while keeping in mind that "police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. With respect to determining whether the force applied was "reasonable" under the circumstances, the court examines: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied, *Vinyard*, 311 F.3d at 1347; *Lee*, 284 F.3d at 1198, which usually requires an analysis of several factors including "the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396; *Vinyard*, 311 F.3d at 1347; *Lee*, 284 F.3d at 1197. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396; *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003); *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000). The reasonableness of the force used "is judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. If the force applied was reasonable under the circumstances and not excessive, the police officer has not violated any clearly established constitutional right and is entitled to summary judgment based upon qualified immunity. *Moore v. Gwinnett Cnty.*, 967 F.2d 1495, 1498 (11th Cir. 1992). While reasonable measured uses of force may be applied to effect a suspect's arrest, "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008).

Taking Plaintiff's version of the facts as described in his complaint as true, as the court must at the summary judgment stage, *Lee*, 284 F.3d 1190, Plaintiff has not shown that there is a genuine dispute of material fact regarding whether Defendant Phares used excessive force. Defendant Phares argues that he used no more force than necessary to effectuate Plaintiff's arrest after locating a crack pipe in his pant's pocket. His evidence includes the dashcam video from the night of the incident. The video evidence before the

court reflects that the patrol car's blue lights were activated as a signal for the female driver to stop as a result of the turning violation observed by the officers. Officer Godwin is seen approaching the driver's side of the vehicle as Defendant Phares proceeds to the passenger side of the car. Defendant Phares can be seen placing objects found during the pat search of Plaintff on the hood of the red Lincoln while Officer Godwin is observed speaking with the female driver. The video then reflects that Officer Godwin's attention is diverted to where Defendant Phares and Plaintiff are located which is beyond the view of the dashcam. Officer Godwin can be seen walking in the direction of Defendant Phares and Plaintiff. Within a few seconds, Plaintiff is seen grabbing an object from the top of the car and throwing it over the hood of the vehicle at which time Officer Godwin grabbs Plaintiff's arm. Nothing more is visible from the video evidence, but, it is undisputed that at this point the three men land on the ground and the police officers then secured Plaintiff in handcuffs. *Court Doc. No. 40, DVD*; *Doc. No. 18, Exhs. 1, 2, 3*.

      The photographic evidence consists of the booking photos taken of Plaintiff when he was booked into the Dothan City Jail. This evidence reflects a small cut over Plaintiff's left eye. The medical records made at the time of Plaintiff's treatment in the emergency room show that he was examined and treated for a laceration above his left eye. Plaintiff's injury is consistent with the amount of force necessary to handcuff and subdue an actively resisting suspect. *See Court Doc. No. 18, Exh. 8, Court Doc. No. 40, Exh. 1. See Durruthy*, 351 F.3d at 1094 (citations omitted) ("This circuit has made clear that some use of force by a police

officer when making a custodial arrest is necessary and altogether lawful, regardless of the severity of the alleged offense."); *Lee*, 284 F.3d at 1197 (a law enforcement official is not to be questioned in hindsight; rather, the proper evaluation is "whether a reasonable officer would believe that this level of force is necessary to the situation at hand").

The evidence before the court supports Defendant Phares assertion that no more force than necessary was used to place Plaintiff in handcuffs after he exhibited resistance to this effort and that his injury was consistent with the limited amount of force utilized to subdue and restrain him. "In the Eleventh Circuit, [courts] recognize that the typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002); *see Nolin*, 207 F.3d at 1257-58 (concluding, as a matter of law, that force used during arrest, including handcuffing, was not excessive when force and resulting injury were minimal); *Brissett v. Paul*, 141 F.3d 1157 (4th Cir. 1998) (table) (concluding, as matter of law, that painful handcuffing with minimal injury not constitutional violation); *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990) (same); *see also Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (finding that subduing the suspect with a "choke hold" and pushing the suspect against a wall was *de minimis* force); *Gold v. City of Miami*, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (minor injury caused solely by tight handcuffs).

In this case, Plaintiff has failed to demonstrate that the amount of force used by Defendant Phares to place him in handcuffs and effectuate his arrest was not reasonably

proportionate to the nighttime traffic stop and uncertain situation Defendant Phares and the other police officers faced.  Based on the totality of circumstances, the court finds that Defendant Phares's actions did not amount to an excessive use of force and caused no more than *de minimis* injury to Plaintiff. *See Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004).  Because Plaintiff has not shown that Defendant Phares's conduct amounted to an  excessive or unnecessary use of force, he is entitled to summary judgment on this claim. *Id*. at 1278; *see also Scott  v. Harris*, 550 U.S. 372, 380 (2007).

B.  *Probable Cause*

Plaintiff alleges in the complaint that Defendant Phares subjected him to a false arrest in violation of his Fourth Amendment rights where the officer lacked probable cause to arrest him for any offense.  In support of this claim, Plaintiff alleges that he "assumed the position" when he exited the vehicle and then was pushed forcefully to the concrete. He also contends that as Defendant Phares was attempting to handcuff him he heard another police officer state "that looks like marijuana."  He argues, however, that the law enforcement officials found marijuana  in the glove compartment and, thus, none of the officers could have just walked up to the car and observed any marijuana.  Finally, Plaintiff asserts that while he did have a pipe, he threw it as far as he could when he exited the vehicle, and thus, Defendant Phares's contention that he found a crack pipe in Plaintiff's pant's pocket was a lie.  *Court Doc. No. 5* at 5.

The Fourth Amendment affords an individual the right to be free from arrest unless

probable cause justifies the arrest. *Motes v. Myers*, 810 F.2d 1055, 1059 (11th Cir. 1997). The existence of probable cause at the time of arrest constitutes an absolute bar to a 42 U.S.C. § 1983 claim for false arrest. *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990). Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of circumstances." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting *Lee v. Ferraro*, 284 F.3d at 195). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citations omitted). Furthermore, even if the defendant lacked actual probable cause to make the arrest, he would nevertheless be entitled to qualified immunity if there was "arguable probable cause" for the plaintiff's arrest. *See Davis v. Williams*, 451 F.3d 759, 762-63 (11th Cir. 2006) (stating that in the context of a claim for false arrest, an officer is entitled to qualified immunity where that officer had "arguable probable cause" to effectuate the arrest); *Jones v. Cannon*, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999) (same); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (law enforcement officials entitled to qualified immunity where they reasonably, but mistakenly, determine that probable cause exists); *Skop v. City of Atlanta*, 485 F.3d 1130, 1137-38 (11th Cir. 2007) (same). Arguable probable cause exists where an objectively reasonable officer in the same circumstances and possessing the same knowledge as the officer effectuating the arrest could

have believed that probable cause existed. *Jones*, 174 F.3d at 1283; *see also Thornton v. City of Macon*, 132 F.3d 1395, 1399 (11th Cir. 1998). Additionally, under federal and state law, "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee*, 284 F.3d at 1196. Where probable cause existed to arrest Plaintiff for any offense, his arrest and detention were valid even if probable cause was lacking as to some of the offenses with which he was charged or even as to all the announced charges. *Id.*

Viewing the facts in the light most favorable to Plaintiff, Defendant Phares had arguable probable cause to arrest Plaintiff for resisting arrest, possession of marijuana, and possession of drug paraphernalia.[2] It is undisputed that the female driver of the red Lincoln gave the police officers consent to search the vehicle. During the search, Defendant Phares located a green leafy substance in the passenger armrest where Plaintiff had been sitting as well as in the vehicle's ashtray. Defendant Phares also found a crack pipe in Plaintiff's possession. Following Plaintiff's release from the hospital for treatment of the injury he sustained during law enforcement officials efforts to handcuff him, Plaintiff was taken to the Dothan City Jail where Defendant Phares charged him with resisting arrest, possession of marijuana in the second degree, and possession of drug paraphernalia. *Court Doc. No. 18,*

---

[2] Under Alabama law, possession of marijuana in the second degree occurs when a person "possesses marijuana for his personal use only." Ala. Code. § 13A-12-214. Resisting arrest occurs under Alabama law when a person "intentionally prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself." Ala. Code § 13A-10-41. Possession of drug paraphernalia occurs under Alabama law when a person uses, or possesses with intent to use, or uses "to inject, ingest, inhale or otherwise introduce into the human body, drug paraphernalia to plant, propagate, cultivate, grow, harvest, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain or conceal a controlled substance in violation of the controlled substances laws of the State of Alabama." Ala. Code § 13A-12-260(c).

*Exhs. 1-7.*

Plaintiff provides no facts to support the conclusory assertion made in his opposition that Defendant Phares "lied about the whole incident," *Court Doc. No. 22 at* 2, and the largely undisputed evidence before the court does not support this broad, unsupported assertion. *See Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) ("Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion."). As explained, arguable probable cause is all that is required for an arresting officer to be entitled to qualified immunity from a false arrest claim under the Fourth Amendment. *Davis*, 451 F.3d at 762-63. Under the standard of arguable probable cause, a reasonable officer in the same circumstances and possessing the same knowledge as Defendant Phares could have believed that he had least arguable probable cause to place Plaintiff under arrest for resisting arrest, second degree possession of marijuana, and possession of drug paraphernalia. *Lee*, 284 F.3d at 1195. As noted, Plaintiff entered guilty pleas in the Dothan Municipal Court to all three charges and the certificate of analysis subsequently issued by the Alabama Department of Forensic Sciences indicated that the drug evidence taken from the red Lincoln on the night in question tested positive marijuana and cocaine (base). *Court Doc. No. 18, Exhs. 4-7.* Because Defendant Phares had arguable probable cause to arrest Plaintiff for the noted offenses, he is entitled to qualified immunity on Plaintiff's false arrest claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant Phares's motion for summary judgment (*Doc. No. 18*) be GRANTED and this case against him be DISMISSED with prejudice;

2.  Judgment be ENTERED in favor of Defendant Phares and against Plaintiff; and

3.  Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 22, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

 Done this 8th day of November, 2013.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE